Regulation 32.9, 17 C.F.R. § 32.9 (2006), which prohibit fraudulent solicitation of option customers.

6. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Mesa is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

7. This Court has personal jurisdiction over Mesa, who acknowledges service of the Complaint and Summons and consents to the Court's jurisdiction over him.

8. By the conduct described in Section III.A above, Mesa violated 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Commission Regulations 32.9(a) and 32.9(c), 17 C.F.R. §§ 32.9(a) and 32.9(c) (2006) in that, in or in connection with offers to enter into, the entry into, or the confirmation of the execution of, commodity option transactions, he cheated or defrauded or attempted to cheat or defraud customers or prospective customers and deceived or attempted to deceive customers or prospective customers by, among other things: misrepresenting the likelihood that customers will profit from the trading of foreign currency forex options and misrepresenting, and omitting discussion of, the risks and costs of trading forex options; misrepresenting the urgency of trading forex options; and misrepresenting and failing to disclose, in light of the profit predictions he made, First International customers' performance record trading forex options. Moreover, by this same conduct, from June 2004 through approximately January 2005, Mesa violated Commission Regulations 1.1(b)(1) and 1.1(b)(3), 17 C.F.R. §§ 1.1(b)(1), 1.1(b)(3), with regard to the retail forex option transactions for which Safeguard was the counterparty.

IV.  **ORDER OF PERMANENT INJUNCTION**

NOW THEREFORE, IT IS ORDERED THAT:

1. Mesa is permanently restrained, enjoined and prohibited from directly or indirectly:

    a. Offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a commodity option contrary to any rule, regulation, or order of the Commission prohibiting any such transaction or allowing any such transaction under such terms and conditions as the Commission shall prescribe, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6(c)(B); and

    b. In or in connection with an offer to enter into, the entry into, or the confirmation of the execution of, or the maintenance of, any commodity option transaction, cheating or defrauding or attempting to cheat or defraud any person; or deceiving or attempting to deceive any person by any means whatsoever, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6(c)(B) (2002), and Commission Regulations 1.1(b)(1), 1.1(b)(3), 32.9(a) and 32.9(c), 17 C.F.R. §§ 1.1(b)(1), 1.1(b)(3), 32.9(a) and 32.9(c) (2006).

2. Mesa is permanently restrained, enjoined and prohibited from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including, but not limited to, the following:

    a. Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

    b. Controlling or directing the trading of any commodity interest account for or on behalf of any person or entity, directly or indirectly, whether by power of attorney or otherwise;

10

c. Trading on or subject to the rules of any registered entity, as that term is defined in § 1a(29) of the Act, 7 U.S.C. § 1a(29)(2002); and

d. Engaging in any business activities related to commodity interest trading.

3. Mesa is ordered to comply with the terms of his voluntary undertaking not to apply for registration or to claim exemption from registration with the Commission in any capacity, and not to engage in any capacity requiring such registration or exemption from registration, except as provide for in Commission Regulation § 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), and not to act as a principal, agent, officer or employee of any person registered, exempted from registration or required to be registered with the Commission, unless such exemption is pursuant to Commission Regulation § 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2006), as set forth in Section II.5 above.

4. The injunctive and other provisions of this Consent Order shall be binding on Mesa, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Mesa, and upon any person who receives actual notice of this Consent Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Mesa.

V. **RESTITUTION, CIVIL MONETARY PENALTY, AND ANCILLARY RELIEF**

**NOW THEREFORE, IT IS ORDERED THAT:**

Mesa shall comply fully with the following terms, conditions and obligations relating to the payment of restitution and the payment of a civil monetary penalty.

A. **RESTITUTION**

1. **IT IS HEREBY ORDERED THAT** Mesa shall make restitution in the amount of $85,000, plus post-judgment interest. Restitution shall be paid within ten days of entry of this

11

Consent Order. Post-judgment interest shall accrue beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

2. Further, the amount payable for restitution set forth above shall not limit the ability of any First International customer from proving that a greater amount is owed from Mesa or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

3. To effect payment by Mesa and distribution of restitution, the Court appoints Daniel Driscoll, Executive Vice-President of the National Futures Association ("NFA") or his successor, as Monitor ("Monitor"). The Monitor shall collect restitution payments from Mesa, and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, he shall not be liable for any action or inaction arising from his appointment as Monitor, other than actions involving fraud.

4. Mesa shall make restitution payments under this Consent Order in the name "Michael Mesa– Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier check, or bank money order, to Daniel Driscoll, Monitor, National Futures Association, 200 W. Madison Street #1600, Chicago, Illinois 60606-3447 under cover letter that identifies himself and the name and docket number of the proceeding. Mesa shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, at the same address.

5. The Monitor shall oversee Mesa's restitution obligation, and shall have discretion to determine the manner for distribution of funds in an equitable fashion to First International/Mesa customers, as appropriate, or may defer distribution until such time as it deems appropriate. The Commission shall cooperate with the Monitor as appropriate to provide such information as the NFA deems necessary and appropriate to identify First International/Mesa customers to whom the Monitor, in his sole discretion, may determine to include in any plan for distribution of any Restitution payments.

6. All payments by Mesa pursuant to this Consent Order shall first be applied to satisfaction of his restitution obligation. After satisfaction of his restitution obligation, payments by Mesa pursuant to this Consent Order shall be applied to satisfy the civil monetary penalty described below.

**B.   CIVIL MONETARY PENALTY**

1. Mesa is liable for and shall pay to the Commission a civil monetary penalty in the amount of $120,000.00, plus post-judgment interest, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1. The civil monetary penalty shall be paid within ten days of entry of this Consent Order. Post-judgment interest shall accrue beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

2. All payments by Mesa shall be applied to his restitution obligation under this Consent Order until the restitution obligation has been paid in full. Upon full payment of his restitution obligation, all payments by Mesa will be applied to his civil monetary penalty obligation under this Consent Order.

3. Mesa shall pay such civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Marie Bateman-AMZ-300,
> DOT/FAA/MMAC
> 6500 S. Macarthur Blvd.
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Mesa shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Mesa shall accompany the payment of his penalty with a cover letter that identify the paying defendant and the name and docket number of this proceeding. Mesa shall simultaneously transmit a copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, D.C. 20581, and (b) to the Chief, Office of Cooperative Enforcement, at the same address.

C.   **PARTIAL PAYMENTS**

Any acceptance by the Commission and/or Monitor of partial payment of Mesa's restitution obligation and/or civil monetary penalty shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Consent Order, or a waiver of the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

D.   **EQUITABLE RELIEF PROVISIONS**

The equitable relief provisions of this Consent Order shall be binding upon Mesa and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Mesa, and

any person acting in active concert or participation with Mesa who receives actual notice of this Consent Order by personal service or otherwise.

## VI. MISCELLANEOUS PROVISIONS

1. **ENTIRE AGREEMENT, AMENDMENTS AND SEVERABILITY.** This Consent Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court. If any provision of this Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Consent Order shall not be affected by the holding.

2. **COUNTERPARTS.** This Consent Order may be executed by the parties in counterparts and by facsimile.

3. **WAIVER.** The failure of any party hereto to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

4. **JURISDICTION.** This Court shall retain jurisdiction of this cause in order to implement and carry out the terms of all orders and decrees that may be entered herein, to assure compliance with this Consent Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief.

DONE and ORDERED in chambers in Miami, Florida this 26th day of September, 2007.

_____
Adalberto Jordan
United States District Judge

Consented to and approved for entry by:

_____
Michael Mesa
Date: 7/27/07

Approved as to form:

_____
Date: 9/20/07
Francisco O. Sanchez, Esq. on behalf of
Defendant Michael Mesa
Homer & Bonner, P.A.
The Four Seasons Tower
1441 Brickell Avenue Suite 1200
Miami, Florida 33131

PLAINTIFF
_____
Date: 9-19-07
Peter M. Haas
Thomas J. Kelly
Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st N.W.
Washington, D.C. 20581

16